Charles Coles DIGGS et al., Petitioners,

v.

CIVIL AERONAUTICS BOARD,
Respondent,

South African Airways, Intervenor.

No. 73–2194.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 3, 1975.

Decided Aug. 4, 1975.

Roderic V. O. Boggs, Washington, D. C., with whom Goler Teal Butcher and Vaughn C. Williams, Washington, D. C., were on the brief for petitioners.

Barbara Thorson, Atty., Civ. Aeronautics Bd., with whom Thomas J. Heye, Gen. Counsel, O. D. Ozment, Deputy Gen. Counsel, Glen M. Bendixsen, Associate Gen. Counsel, Litigation and Research, Civ. Aeronautics Bd., and Carl D. Lawson, Atty., Dept. of Justice, were on the brief for respondent.

Brice M. Clagett, Washington, D. C., was on the brief for intervenor.

Before ROBINSON and ROBB, Circuit Judges, and SOLOMON,* Senior United States District Judge for the District of Oregon.

Opinion Per Curiam.

PER CURIAM:

Petitioners, members of the House of Representatives and four associations who represent the interests of black Americans, appeal from an order of the Civil Aeronautics Board (CAB), which authorized South African Airways (SAA) to serve a new route between Johannesburg, South Africa, and New York. The order was adopted under Section 402 of the Federal Aviation Act, 49 U.S.C. § 1372, and approved by the President under Section 801 of the Act, 49 U.S.C. § 1461.

Petitioners assert that the CAB's order violated Sections 402(b) and 404(b) of the Act, 49 U.S.C. §§ 1372(b) and 1374(b). They contend that these sections prohibit the CAB from issuing a permit to a foreign air carrier which discriminates among its passengers on a racial basis and that the CAB violated these sections by refusing to hear evidence that SAA

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

discriminates against blacks on its domestic connecting flights and in its facilities in South Africa.

This Court's original jurisdiction to review CAB orders is limited by Section 1006(a) of the Act, 49 U.S.C. § 1486(a). That section provides that an "order in respect of any foreign air carrier subject to the approval of the President" is not reviewable. Under Section 101(19) of the Act, 49 U.S.C. § 1301(19), a foreign air carrier is defined as "any person, not a citizen of the United States, who undertakes . . . to engage in foreign air transportation." Under Section 101(21)(c) of the Act, 49 U.S.C. § 1301(21)(c), foreign air transportation is defined as "the carriage by aircraft of persons . . . between . . . a place in the United States and any place outside thereof . . .."

CAB and SAA have moved to dismiss the petition for review on the ground that Section 1006(a) is a jurisdictional bar. Petitioners argue that when the CAB submits an order that is invalid on constitutional or statutory grounds—alleged to be the situation here—Presidential approval will not cure the defect. We are therefore urged to construe Section 1006(a) so that we may consider this petition even though the challenged order was subject to Presidential approval and was so approved.

The explicit language of Section 1006(a) does not permit such interpretation. See Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); March v. United States, 165 U.S.App.D.C. 267, 274, 506 F.2d 1306, 1313 (1974). An examination of the statutory language, particularly when there is no relevant legislative history, persuades us that Section 1006(a) was intended to mean what it says. Petitioners place their principal reliance on American Airlines, Inc. v. CAB, 121 U.S.App.D.C. 120, 348 F.2d 349 (1965), and Pan American World Airways, Inc. v. CAB, 380 F.2d 770 (2d Cir. 1967), aff'd by an equally divided Court, 391 U.S. 461, 88 S.Ct. 1715, 20 L.Ed.2d 748 (1968), but neither case supports petitioners. Neither allows judicial review otherwise prohibited by the express language of the statute. Instead, both of them limit the extent to which Section 1006 is to be expanded beyond its literal language and prohibit review of CAB action involving domestic as distinguished from foreign carriers engaged in foreign air transportation. Indeed, Judge J. Skelly Wright, in a previous decision by this court, Pan American World Airways, Inc. v. CAB, 129 U.S.App.D.C. 159, 392 F.2d 483 (1968), distinguished *American Airlines* and the earlier *Pan American* case from cases involving foreign air carriers.[1]

We hold that the clear and unambiguous language in Sections 1006(a), 101(19) and 101(21)(c) of the Act deprives us of jurisdiction to review the challenged order. British Overseas Airways Corp. v. CAB, 113 U.S.App.D.C. 76, 304 F.2d 952

---

1. He found that "[t]he cases have not dealt squarely with the explicit 'foreign air carrier' jurisdictional bar of Section 1006 itself. . . ." 129 U.S.App.D.C. at 167, 392 F.2d at 491.

Judge Wright went on to say:

"Both *American Airlines* and *Pan American World Airways* involved orders with respect to *citizen* air carriers subject to Presidential approval. Consequently, in those cases any putative limitation on direct Circuit Court review stems from the Waterman [Chicago & Southern Airlines, Inc. v. Waterman Steamship Corp., 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568 (1948)] gloss on Section 1006, not from Section 1006 itself; for in *Waterman* non-reviewability is premised merely on Presidential approval, not on explicit statutory language.

"But where a foreign air carrier is involved, the issue is not whether the reach of a statute should be extended beyond its apparent coverage because of considerations of national defense and foreign policy; rather it is whether an exception should be carved from the plain language of the statute itself. Certainly *American Airlines* and *Pan American World Airways* are not dispositive where this latter question is at issue. And in *British Overseas Airways Corp.*, which did involve the reviewability of an order with respect to a foreign air carrier, relying on the plain language of Section 1006 we said that there could be no direct review in this court 'now or later.' " 129 U.S. App.D.C. at 169, 392 F.2d at 493.

(1962); Dan-Air Services, Ltd. v. CAB, 154 U.S.App.D.C. 297, 300–301, 475 F.2d 408, 411–412 (1973). Accordingly, we do not reach the merits of petitioners' constitutional contentions, nor do we decide whether the District Court has jurisdiction over this action. *See* Pan American World Airways, Inc. v. CAB, 129 U.S. App.D.C. 159, 170, 392 F.2d 483, 494 (1968).

Petition dismissed.